UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WEST, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY BERRYHILL, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 4:17CV02286 AGF |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint seeking judicial review of Defendant's final decision dated June 16, 2017, denying Plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. Defendant argues the complaint must be dismissed because the date of filing, August 22, 2017, was one day past the 60-day filing deadline of 42 U.S.C. § 405(g). The 60-day period begins to run from the date of receipt of the final agency decision, which pursuant to federal regulation, is presumptively five days after the date of the decision.

In response, Plaintiff's counsel acknowledges that the action was filed one day late. Plaintiff's counsel states (and provides evidence) that the agency's final decision was received in his office on June 22, 2017, and that the staff member whose job it was to file the case was suddenly admitted to the hospital and returned to work on August 22, 2017, and then filed the case. Defendant has not filed a reply in the time permitted to do so.

The 60-day time limit of § 405(g) is not jurisdictional, but rather constitutes a statute of limitations that may be tolled. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986); *Miller v. Colvin*, No. 4:16CV685 ACL, 2016 WL 7178748, at *3 (E.D. Mo. Dec. 9, 2016). The Court concludes that tolling is appropriate here.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**. ECF. No. 11.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2017